UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re. David Stebbins,<br><br>Plaintiff. | Case No. 25-80278 MISC<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION; SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT AND DISMISSING COMPLAINT** |

On September 15, 2025, Plaintiffs Stebbins ("Plaintiff") filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

### I.  LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122,

1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.   DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

On February 10, 2025, in Case No. 4:22-cv-00546-JSW (*Stebbins v. Alphabet, Inc., et al*), Judge Jeffrey S. White denied Plaintiff's Motion for Issuance of Subpoena Duces Tecum under 17 U.S.C. § 512(h) to identify a YouTube user with the alias Bibi Faizi in connection with Plaintiff's pending copyright claim. ("*Stebbins I*"). On September 3, 2025, Judge White denied Plaintiff's renewed motion for issuance of the subpoena. ("*Stebbins II*"). Now, Plaintiff seeks to sidestep

2

1  Judge White's orders by submitting a Petition for Issuance of Subpoena Duces Tecum for the
2  same information unconnected to any lawsuit. The Petition includes a request for the user's "legal
3  name, last known address, last known phone number, all known email addresses and the past five
4  (5) years of GPS locations of the individual who issued the ten DMCA Takedowns against the
5  YouTube channel 'Acerthorn' on or around February 13, 2022, under the alias Bibi Faizi."

6  In his September 3, 2025, ruling, Judge White re-instructed Plaintiff that "to obtain early
7  discovery, [he] must first satisfy the factors set forth in *Columbia Insurance Company v.*
8  *seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 2009)." *Stebbins II* at 1. Specifically, he must: "(1)
9  establish jurisdictional facts, including that the defendant is a real person who could be sued in
10 federal court; (2) demonstrate a good faith effort to identify the defendant prior to seeking the
11 subpoena; (3) establish that the complaint could withstand a motion to dismiss; and (4) provide
12 sufficient facts to the Court to show "'reasonable likelihood that the discovery process will lead to
13 identifying information about defendant that would make service of process possible.'" (*Id.* at 3
14 (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578-80)). To the extend Plaintiff is seeking an issuance
15 of a subpoena pursuant to litigation pending before Judge White, that request has been denied
16 twice. For both requests, Judge White found that (1) Plaintiff alleged no jurisdictional facts
17 whatsoever regarding Bibi Faizi, and (2) Plaintiff does not claim to have made any effort at all to
18 locate Bibi Faizi. *Stebbins II* at 1.

19 To the extent Plaintiff seeks issuance of a subpoena to Alphabet, Inc. regarding Bibi Faizi
20 unrelated to any litigation, the Court has considerable reluctance to allow this action to proceed.
21 Plaintiff demonstrates none of the *Columbia Ins. Co* in his request, instead pointing to dicta from
22 *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020), a *Stebbins II*
23 that a subpoena is its own civil case. In that matter, Plaintiffs sought a far less sweeping amount
24 of information. The Court pays particularly close attention to Judge White's cautionary remark
25 that courts contemplating the issuance of subpoenas in relation to Plaintiff's copyright claim "must
26 balance the need to provide injured parties with a forum in which they may seek redress for
27 grievances against the legitimate and valuable right to participate in online forums anonymously
28

3

1  or pseudonymously without fear that someone who wishes to harass or embarrass them can file a
2  frivolous lawsuit and thereby gain the power of the court's order to discover their identity."
3  *Stebbins I* at 3 (citing *Patrick Collins, Inc. v. John Does 1 through 37*, No. 2:12-CV-1259-JAM-
4  EFB, 2012 WL 2872832, at *3 (E.D. Cal. July 11, 2012) (citation omitted). Plaintiff's overly
5  broad request highly sensitive information about an individual Plaintiff is currently in adversarial
6  proceedings with, raises serious questions about the nature of Plaintiff's request.

Plaintiffs' *freestanding* request for a subpoena fails to provide a sufficient legal or factual basis for its issuance. Plaintiff does not demonstrate that the information sought is in good faith and cannot be granted in connection with its claims pending before Judge White.

Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III.  CONCLUSION

The Court **DISMISSES** the case and finds that the action (1) is frivolous and (2) fails to state a claim on which relief may be granted for the reasons stated above. 28 U.S.C. § 1915(e)(2). Although the Court finds that the defendant financially qualifies for (IFP); the request is likewise **DENIED** pursuant to 28 U.S.C. § 1915.

IT IS SO ORDERED.

Dated: September 17, 2025

_____
TRINA L. THOMPSON
United States District Duty Judge

4