David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| in re DAVID STEBBINS ) | Case 3:25-mc-80278-SK |
| Petitioner ) | |

## MOTION TO VACATE JUDGMENT AND RECUSE

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Vacate Judgment and for Trina Thompson to recuse.

1. Trina Thompson was never the assigned judge in this case. The "SK" at the end of this case number clearly means that Judge Sallie Kim was the assigned judge. Even the record on PACER acknowledges this:

> Help  Log Out
>
> **3:25-mc-80278-SK** In re. David Stebbins
> Sallie Kim, presiding
> Date filed: 09/15/2025
> Date terminated: 09/17/2025
> Date of last filing: 09/17/2025

2. For Trina Thompson to swoop in and decide the case when it was not assigned to her is a blatant case of usurpation of authority and is an act of judicial misconduct that may even be sanctionable by the JDDC.

3. I therefore ask Trina Thompson to recuse herself from the matter, as she had no business deciding a case that was not even on her docket.

4. I am considering filing a complaint with the 9th Circuit's JDDC over her swooping in and deciding a case that was none of her business. That would not be subject to dismissal under 28 USC § 352(b)(1)(A)(ii), as it is not related to the merits of the case.

5. There is also a possibility that Judge Trina Thompson may not be immune from suit for her usurpation of this case, as it is obvious that a judge does not have jurisdiction over matters that are not assigned to them:

> Is a judge immune from suit for deciding a case that was never assigned to him?
>
> AI Mode   All   Images   News   Short videos   Shopping   Videos   More ▾   Tools ▾
>
> ✦ AI Overview
>
> A judge is not immune from suit for deciding a case that was never assigned to them because their actions would be in the "clear absence of all jurisdiction". Absolute judicial immunity only applies to judicial acts that are performed within a court's subject-matter jurisdiction. 🔗
>
> While the protection for judges is very broad, it is not absolute. This is a crucial distinction from actions that are merely in "excess of jurisdiction," for which a judge would be immune. 🔗

6.    Barring that, I have filed a motion in the related case asking for the case to be assigned to Judge Jeffrey White. See Case 3:22-cv-00546-JSW, Dkt. 94. When this motion is inevitably granted, Judge White will just be assigned to the case anyway.

7.    Once the case has been assigned to the correct judge, I then ask that the judgment in this case be vacated pursuant to Fed.R.Civ.P. 60(b)(4) and 60(b)(6). First, I did not "sidestep" Judge White's order; to the contrary, I did precisely as he instructed when I filed it as a separate action.

8.    Even barring that, the order was rife with bias and personal vindictiveness against me. This is best illustrated in Judge Thompson's finding that "Plaintiff does not demonstrate that the information sought is in good faith." This, however, is not a showing that is required in law, nor was I ever put on notice that such a showing would ever be required of me. It's ludicrous to suggest that a petitioner in § 512(h) subpoena proceeding is presumed to be acting in bad faith and must affirmatively demonstrate good faith, especially when the statute not only fails to confer such a presumption in unambiguous language, but heavily implies the opposite: Subsection (h) requires I submit an affidavit affirming under penalty of perjury that I will not use

the information for any purpose except enforcing my rights under Title 17. That alone appears to satisfy Congress's desire for proof of good faith.

9.      Judge Thompson appears to have just pulled this "presumption of bad faith" out of thin air for no other reason than it gives her an excuse to decide the case against me... a case that was never hers to decide in the first place. It seems as if she only did this because she wanted to ensure that my case was thrown out, simply because it was me who filed it.

10.     Wherefore, premises considered, I respectfully pray that Judge Thompson recuse from this case and also that the judgment be vacated.

So requested on this, the 24th day of September, 2025.

/s/ David Stebbins  
David Stebbins